UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARIUS MCKEVIE,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 23-cv-04213-TLT<br><br>**ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED**<br><br>Re: Dkt. No. 2 |

## INTRODUCTION

Petitioner, a state prisoner proceeding without counsel, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding resulting in the loss of good-time credits. Petitioner has also filed a motion for leave to proceed *in forma pauperis*, which will be granted. Because the petition states cognizable grounds for federal habeas relief, a response from respondent is warranted.

## BACKGROUND

Petitioner challenges a Rules Violation Report (RVR) hearing finding that he committed battery on a peace officer. ECF 1 at 1. Petitioner contends that officers assaulted him while he was in restraints and the disciplinary charge was fabricated to cover up the assault. The RVR hearing took place at the California Institution for Men (CIM) in Chino, California. Petitioner was sentenced on April 24, 2023 to 15 months in segregated housing, 150 days loss of credit, and 90 days loss of phone, canteen, and yard privileges. On June 28, 2023, petitioner attended a classification committee hearing and was assessed an additional 3 weeks, changing his release date from May 7, 2024, to September 6, 2024. *Id.* Petitioner states the incident took place on April 24, 2023 at the California Rehabilitation Center, where he was assaulted by Officers Villegas and

Castro.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B. Legal Claims

Petitioner claims that his Eighth Amendment rights were violated by the correctional officers who assaulted him and used excessive force. He also claims that he was falsely accused of battery and that he was searched unreasonably because of his race and the officers' deliberate indifference. He also claims that his due process rights were violated by the prison disciplinary proceeding because he did not have the opportunity to speak with an attorney, nor was he allowed to present the video recording of his interview and statement which were conducted directly after the incident. ECF 1 at 5. He states that he was forced to plead guilty. *Id.* at 2. He also claims that he was denied proper medical and mental health care on the date of the incident. He seeks generally "the relief to which he may be entitled."

Petitioner's claims involving excessive force and the denial of medical and mental health care cannot be brought in a federal habeas action. Petitioner may file a section 1983 lawsuit raising those claims.

His claim that the RVR hearing violated his right to due process sounds in habeas because relief in the form of invalidating the hearing's findings would, according to the petition, necessitate earlier release from custody. *Skinner v. Switzer*, 562 U.S. 521, 525 (2011); *c.f. Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) ("If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983.").

2

Petitioner's due process claim does not appear to be without merit. Prisoners have the right, in disciplinary proceedings where the loss of good-time credit is at stake, to receive advance written notice of the charges, to call witnesses and present documentary evidence—to the extent that doing so would "not be unduly hazardous to institutional safety or correctional goals"—and to receive a written statement of factual findings. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). In addition, the revocation of good-time credits does not comport with the minimum requirements of procedural due process in *Wolff* unless the findings of the prison disciplinary board are supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Any evidence in the record suffices. *Id.* at 455. There is no constitutional right to confrontation or cross-examination, nor counsel. *Wolff,* 418 U.S. at 567-70.

Liberally construed, petitioner states a cognizable claim that he was not allowed to present evidence at his RVR hearing, and that he was forced to plead guilty.

## CONCLUSION

Good cause appearing, the Court hereby issues the following orders:

1.  Petitioner's application to proceed *in forma pauperis* is GRANTED.

2.  The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

Respondent shall file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on respondent within **sixty (60) days** of his receipt of the Answer. Should

petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date petitioner is served with respondent's Answer.

Respondent may file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of receipt of any opposition.

It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

3. This Order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: December 18, 2023

TRINA L. THOMPSON
United States District Judge